DOUG TOBLER (006196)
HAMMOND & TOBLER, P.C.
1212 E. OSBORN ROAD
PHOENIX, ARIZONA 85014-5531
(602)266-2224
Attorneys for Defendant/Counterclaimant

THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SCOTTSDALE CAPITAL ADVISORS CORPORATION, an Arizona Corporation, <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> RENEGADE PROMOTIONS, LLC, a Colorado limited liability company, <br><br> Defendant/Counterclaimant. | Case No.:  CV04 1045PHXRCB <br><br> MOTION TO ENFORCE SETTLEMENT AGREEMENT; ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT AS TO SETTLEMENT AGREEMENT <br><br> **(Oral Argument Requested)** |

Defendant, Renegade Promotions, LLC, pursuant to Rule 56, *Fed. R.Civ.Pro.*, hereby moves for summary judgment as to the Settlement Agreement of the parties for the reason that there is no genuine issue of material fact and Renegade is entitled to judgment as a matter of law. This Motion is based upon the record and file herein, the attached Memorandum of Points and Authorities, and the accompanying Statement of Facts and the Exhibits thereto.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  FACTS

The facts are set forth in a separate statement as required by Rule 1.10(l)(1), *Rules of Practice*, U.S. District Court for the District of Arizona. For the convenience of the Court, they are briefly summarized here.

Plaintiff initiated this lawsuit in Maricopa County Superior Court for breach of contract in April 2004. After removal from Maricopa County Superior Court to this Court, Defendant filed its Answer and Counterclaim on May 27, 2004. In December, 2004, the parties agreed to settle this case at a mediation conducted by Lawrence Fleischman. At that time, Renegade stipulated to a judgment in the amount of $150,000 in favor of SCA. Notwithstanding the stipulated judgment, the parties agreed on December 6, 2004 that judgment would not be entered provided that Renegade paid SCA $25,000 on February 1, 2005, $35,000 on August 1, 2005 and $45,000 on October 1, 2005.  The parties further agreed that in the event that Renegade paid $50,000 on July 1, 2005, the October 1, 2005 payment would not have to be made. In essence, the parties agreed that if Renegade paid SCA $75,000 by July 1, 2005, the claim was settled.

The parties later entered into a separate, more formal Settlement Agreement that recited the above payment terms, with the exception, that

through inadvertence or mistake, the $35,000 payment that was to be made on August 1, 2005 was listed as being due on July 1, 2005.

Renegade made the first payment of $25,000 before February 1, 2005. It intended to pay the additional $50,000 in sufficient time so that the total amount payable under the Agreement would be limited to $75,000 pursuant to paragraph 1(d) of the Settlement Agreement. Given the discrepancies in the payment schedules between the two Settlement Agreements, Renegade made an error. Renegade believed that the $50,000 payment was due on August 1, 2005. Consequently, Renegade made a payment of $50,000 to SCA on August 1, 2005. Renegade, however, clearly indicated on the face of the certified check that was received by SCA on August 1, 2005 that it had "PAID IN FULL".

SCA negotiated the check without protest. Three weeks later, however, SCA informed Renegade for the first time that SCA intended to apply the $50,000 payment to the $35,000 payment it claimed was due on either July 1, or August 1 (depending upon which of the two settlement agreements was applied) and apply the remaining $15,000 of the $45,000 to the payment that it claimed was due on October 1, 2005. Renegade took the position that it had paid in full.

The parties attempted to resolve this dispute, but they were unable to do so. On September 27, 2005, SCA's counsel wrote to Renegade's counsel informing Renegade that unless it paid an additional $30,000 by October 1,

2005, SCA would have the stipulated judgment entered and it would begin collection efforts. Pursuant to the Settlement Agreement of the parties, if the Court had entered such a judgment, Renegede would have owed an additional $80,000 rather than the $30,000 that SCA claimed was still owing pursuant to Paragraph 1(d) of the Settlement Agreement. In order to prevent this great forfeiture, Renegade paid SCA $30,000 under protest on September 30, 2005 and it has now filed this Motion for enforcement of the Settlement Agreement and for return of the $30,000 that it paid under protest.

As discussed in detail below, SCA has been paid in full. By accepting payment of the check marked as "PAID IN FULL" on August 1, 2005, SCA either waived its right to timely payment and accepted the payment as tendered and/or it is bound by the doctrine of accord and satisfaction. In either case, it must return the $30,000.

**II.    DISCUSSION**

    **A.    Acceptance of the $50,000 check marked as "PAID IN FULL" constituted waiver of the late payment.**

As set forth above, in the Settlement Agreement, the parties agreed that if Renegade paid at total of $75,000 by July 1, 2005, this would be considered full payment. Renegade paid $75,000, but the final $50,000 was not paid by July 1, 2005, but rather it was paid by August 1, 2005. Although SCA accepted and negotiated the check clearly marked as "PAID IN FULL", it now claims that it

should not be responsible for the consequences of its intentional actions. The law is to the contrary.

Where, as here, a party to a settlement agreement accepts a late payment, it waives the right to declare a breach of the agreement. *Associated Builders, Inc. v. Coggins*, 722 A.2d 1278 (Me. 1999). In *Coggins*, as here, the defendant entered into an agreement to pay a debt to the plaintiff in two installments. In *Coggins,* the first installment of $25,000 was due on July 1, 1996 and the second installment of $25,000 was due on July 1, 1997. The agreement stipulated that if payments were not made as required by the agreement, an additional $20,000 would be payable. The *Coggins* defendant made the first payment on time, but it made the second payment three days late. The plaintiff claimed a breach of contract and sued for the balance. The Maine Supreme Court upheld summary judgment for the defendant on the grounds that there was an accord and satisfaction and because the Plaintiff had waived its right to timely payment. Application of these same principles to the present case requires entry of judgment in favor of Renegade.

The *Coggins* court noted that the settlement agreement in that case constituted an accord and that performance of the accord constituted satisfaction. The question before the *Coggins* court was whether the defendant's late payment constituted a material breach of the accord. In analyzing the issue,

the *Coggins* court applied the five factors set forth in *Restatement (Second) of Contracts* § 241 to determine that the breach was not material. The same analysis yields the same result here.

The analysis is as follows: (a) The extent to which the injured party will be deprived of the benefit which he reasonably expected. Here, SCA expected to receive $50,000 on July 1, 2005. SCA actually received $50,000 on August 1, 2005. Considering the Federal interest rate on judgments, SCA was deprived of less than $400 by accepting the late payment, less than one percent of the amount in dispute; (b) The extent to which the injured party can be adequately compensated for the part of the benefit of which he was deprived. In this case, Renegade stands ready to pay SCA any lost interest; (c) The extent to which the party failing to perform will suffer forfeiture. If the Court refuses to grant Renegade's Motion, Renegade will suffer a loss of $30,000; (d) The likelihood that the party failing to perform will cure his failure. Renegade has already cured any claimed failure. It has paid the money. It has not only paid the money, it has paid an additional $30,000 under protest; (e) The extent to which the behavior of the party failing to perform comports with the standards of good faith and fair dealing. Renegade has paid everything it owed and more. Obviously, its actions comported with the standards of good faith and fair dealing.

Therefore, applying the *Restatement* factors to the present case, it is clear that any breach of the accord and satisfaction embodied in the December Settlement Agreement was immaterial. Since the breach was immaterial, the satisfaction has been performed. Therefore, like the defendant in *Coggins*, Renegade is entitled to summary judgment. It is also entitled to the return of its $30,000 paid under protest.

Furthermore, even if the breach had been material and SCA could have enforced the forfeiture, SCA waived that right when it accepted late payment. Waiver is the intentional relinquishment of a known right. *Northern Arizona Gas Service, Inc. v. Petrolane Transport, Inc.*, 145 Ariz. 467, 476, 702 P.2d 696, 705 (App. 1984). Waiver may be express or inferred from conduct. *Id.* A party may waive a contractual right arising from a breach of late payment when that party accepts tender of the late payment. *Associated Builders, Inc. v. Coggins, supra,* at 1281. Here, SCA accepted a payment of $50,000 that plainly stated it was "PAID IN FULL". The $50,000 payment could only be attributable to the amount due as full and final payment by July 1, 2005. Having accepted the payment on August 1, 2005 with that express condition, SCA intentionally agreed to waive a claim that Renegade had breached the accord and satisfaction by late payment. Accordingly, Renegade is entitled to judgment.

**B.     Renegade is also entitled to judgment because acceptance of the $50,000 check constituted a new accord and satisfaction.**

In *Flagel v. Southwest Clinical Physiatrists, P.C.*, 157 Ariz. 196, 755 P.2d 1184 (App. 1988), the elements of accord and satisfaction are set forth as follows: (1) proper subject matter; (2) competent parties; (3) assent or meeting of the minds of the parties; and (4) consideration. Each of the elements exists here. There was a proper subject matter, the parties were competent, there was an assent or meeting of the minds in that SCA accepted the check knowing that the debt was to be considered as "paid in full" and there was consideration.

Renegade understands that SCA will argue that the fourth element of an accord and satisfaction was not present here. SCA's position is that as of August 1, 2005, there was a liquidated amount owing. Because that amount was undisputed, there was no consideration for its acceptance of a lesser amount as payment in full. According to SCA, the amount owing as of August 1, 2005 was the $35,000 due that date along with the $45,000 due on October 1, 2005.

The flaw in SCA's reasoning is that it incorrectly assumes that there was no dispute as to whether its acceptance of late payment constituted a waiver of the right to timely payment. Because the law, as discussed in Section II(A) above, provides that acceptance of late payment either may not be a material breach of a contract or it may be considered a waiver of late payment on August 1, 2005, there was, at a minimum, a *bona fide* dispute as to whether the amount paid on that date was the total amount owing. Therefore, the amount owing was

in dispute. Accordingly, pursuant to *Flagel v. Southwest Clinical Physiatrists* and A.R.S. § 47-3311, payment of the $50,000 was a proper accord and satisfaction.

In addition, analytically, the reason that there must be a *bona fide* dispute for an accord and satisfaction to be binding is that there must be legal consideration for any agreement to accept less than the amount originally owing. *See Flagel v. Southwest Clinical Physiatrists*, 157 Ariz. at 202. Here, there is a separate basis for finding consideration. Even if the August 1 payment of $50,000 is considered to be late, even if the Court determines that the late payment was not waived, even if the Court finds this late payment to be a material breach, it is incontrovertible that a portion of that $50,000 was prepayment of at least $15,000 of the settlement amount.

The Settlement Agreement provided that payments were to be made $25,000 on February 1, $35,000 on August 1 and $45,000 on October 1. Because Plaintiff paid $25,000 on February 1, 2005 and $50,000 on August 1, 2005, it prepaid by $15,000 any amounts that were owing by October 1, 2005. Under these circumstances, there was valid consideration for the accord and satisfaction.

Prepayment is valid consideration for an agreement to accept less than the full amount of the debt. *First Hartford Realty Corp. v. Ellis*, 434 A.2d 314, 319

(Conn. 1980) (and *See* authorities cited therein); *Melroy v. Kemmerer*, 67 A. 699 (Pa. 1907); 1 Am. Jur. 2d *Accord and Satisfaction* § 36 *Anno.;* "Payment before Maturity of Part of a Liquidated and Undisputed Indebtedness as Consideration for its Acceptance as Satisfaction of the Entire Debt", 24 A.L.R. 1474; and *McCreary County v. Bybee*, 193 S.W.2d 423 (Ky. App. 1946).

The common law doctrine that prepayment of indebtedness is consideration for an accord and satisfaction is not affected by the adoption of A.R.S. § 47-3311. A.R.S. § 47-3311 was not intended to alter the common law rules regarding accord and satisfaction except in certain very limited circumstances that do not apply here. *See Uniform Commercial Code Comment 3* which states in pertinent part as follows: "Section 3-311 follows the common law rule with some minor variations to reflect modern business conditions . . . .Section 3-311 is based upon a belief that the common law rules produces a fair result and that informal dispute resolution by full satisfaction check should be encouraged".

Therefore, in addition to the other bases for granting summary judgment to Renegade, Renegade's prepayment of a portion of its debt constitutes a separate and sufficient basis for a finding that SCA is bound by the accord and satisfaction it entered into by intentionally accepted the $50,000 denoted as "PAID IN FULL".

## III. <u>CONCLUSION</u>

A motion to enforce settlement agreement is an appropriate mechanism for resolving this dispute. *Hays v. Fischer*, 161 Ariz. 159, 777 P.2d 222 (1989). For the reasons set forth above, Renegade fully complied with the terms of the Settlement Agreement when it paid and SCA accepted a check in the amount of $50,000 marked as "PAID IN FULL". Accordingly, Renegade is entitled to summary judgment requiring SCA to return to Renegade the $30,000 paid under protest on September 30, 2005. In addition, pursuant to paragraph 11(m) of the second Settlement Agreement, Renegade is entitled to its reasonable attorney's fees incurred in enforcing the Settlement Agreement.

RESPECTFULLY SUBMITTED this 5th day of October, 2005.

HAMMOND & TOBLER, P.C.

<u>By: /s/ Doug Tobler - #006196</u>
Doug Tobler, Attorney for
Defendant/Counterclaimant

Original of the foregoing filed electronically
this 5th day of October, 2005, with:

CLERK OF THE UNITED STATES DISTRICT COURT
  DISTRICT OF ARIZONA
SANDRA DAY O'CONNOR U.S. COURTHOUSE
401 W. WASHINGTON STREET, SUITE 130, SPC 1
PHOENIX, AZ 85003-2118

One copy the foregoing hand-delivered
this 5th day of October, 2005, to:

HONORABLE ROBERT C. BROOMFIELD
SANDRA DAY O'CONNOR U.S. COURTHOUSE
401 W. WASHINGTON STREET, SUITE 130, SPC 1
PHOENIX, AZ 85003-2118

One copy of the foregoing mailed
this 5th day of October, 2005, to:

JEFFREY J. GOULDER, ESQ.
STINSON MORRISON HECKER L.L.P.
1850 N. CENTRAL AVE., SUITE 2100
PHOENIX, AZ  85004
Attorney for Plaintiff/Counterdefendant

/s/ Donna A. Belowsky